UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE L. GERMANY,<br><br>  Plaintiff,<br><br>  v.<br><br>M. COELHO, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-00005-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>[ECF No. 12] |

Plaintiff Frankie L. Germany is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 21, 2017. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed June 5, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff claims his Eighth Amendment rights were violated when prison official used excessive force against him and acted with deliberate indifference to his safety. On December 5, 2016, while detained in North Kern State Prison, ("North Kern") Plaintiff claims three Correctional Officers and one Sergeant used excessive force causing injuries to Plaintiff. Throughout the day and on a couple of instances, Plaintiff spoke with Officer Coelho and requested a cell move. Plaintiff reasons that his request for a cell move was warranted as Plaintiff sustained a broken arm by falling off the top bunk. Upon denying Plaintiff's request, Plaintiff then asked to speak with a Sergeant, to which Officer Coelho replied, "hell no." As such, Officer Coelho denied both requests. Later, during meal time in the dayroom, Plaintiff asked Officer Coelho if he could speak with a Sergeant, where Officer Coelho began to pepper spray Plaintiff without provocation. Immediately after, Officer

Coelho and his co-workers then proceeded to kick and punch Plaintiff while he was on the ground. Defendants picked Plaintiff off the ground and proceeded in handcuffing him. While being escorted out of the building, Plaintiff was body slammed on the ground and was beat again. Defendant proceeded to pick Plaintiff off the ground and continued to escort Plaintiff to the program office where he was placed in a cell. Plaintiff named the following Defendants and claims they were also involved in this incident, Officer P. Ward, Officer Garcia-Fernandez, and Sergeant Hanson.

Plaintiff further claims, while detained at the program office he was treated with deliberate indifference by being denied medical care by nurse Negre. Nurse Negre was on duty at the D yard facility and did not properly treated Plaintiff's injuries, which consisted of: bleeding, bruises, scratches, and a previous injury of a broken arm. Nurse Negre looked at Plaintiff and said, "he was not hurt too bad", and proceeded to walk away.

Plaintiff is requesting a trial and monetary damages.

### III.
### DISCUSSION

**A.    Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the

relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

In the amended complaint, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for excessive force. Plaintiff maintains the injuries he sustained were wholly and without provocation. Plaintiff contends that he requested a cell move which was denied, and when he requested to speak to a sergeant, Defendant Coelho began to pepper spray Plaintiff, and then Defendants Coelho, Garcia-Fernandez, Ward and Hanson punched and kicked him. Then, after Plaintiff was handcuffed, Defendants body slammed him to the ground. Assuming Plaintiff's allegations are true, as this Court must, Plaintiff's allegations are sufficient to state a cognizable claim for excessive force.

**B. Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective

4

recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations in the first amended complaint fail to give rise to a constitutional violation under the Eighth Amendment. First, Plaintiff fails to demonstrate that he was suffering from a serious medical need. Hudson, 503 U.S. at 9. Plaintiff only alleges he has "injuries" to his body, consisting of: bleeding, bruises, scratches, and a previous injury of a broken arm. Subsequently, Plaintiff does not mention any discomfort, pain, or how these injuries would result in further significant injuries. Wilhelm, 680 F.3d at 1122. Such conclusory and vague allegations fail to meet the objective prong for an Eighth Amendment violation. Second, Plaintiff fails to state how nurse Negre's assessment demonstrates a failure to treat his injuries. By Plaintiff's own admission, Negre assessed the situation and determined the injuries Plaintiff sustained were not serious. An inmate has a right to medical care, but in this instance, there are insufficient factual details to support a reasonable inference that Negre knew of and disregarded an excessive risk to serious medical needs. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need and leave to amend will be granted.

## IV.

## CONCLUSION AND ORDER

Plaintiff's first amended complaint states cognizable claim against Defendants Ward, Garcia-Fernandez, Hanson, and Coelho for excessive force in violation of the Eighth Amendment. Plaintiff's complaint fails to state any other cognizable claims as Plaintiff has not sufficiently alleged facts for his deliberate indifference to serious medical need claim against Nurse Negre. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims for excessive force under the Eight Amendment, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims, and will forward Plaintiff four (4) summonses and four (4) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct

the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

///

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Sergeant Hanson, Officer Coelho, Officer Garcia-Fernandez, and Officer Ward on his Eighth Amendment claim for excessive force; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 27, 2017**

UNITED STATES MAGISTRATE JUDGE