UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE L. GERMANY, | ) Case No.: 1:17-cv-00005-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 17, 2017, ORDER DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL |
| M. COELHO, et al., | ) |
| Defendants. | ) [ECF No. 28] |

Plaintiff Frankie L. Germany is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for reconsideration of the Court's October 17, 2017, order denying his request for appointment of counsel, filed on October 25, 2017.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

///

1

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In denying Plaintiff's motion for appointment of counsel, the Court stated the following:

> The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. This action is proceeding against Defendants M. Coelho, Garcia-Fernandez, P. Ward, and Hanson on Plaintiff's claim of excessive force, and the Court does not find the required exceptional circumstances. Accordingly, Plaintiff's motion for appointment of counsel will be DENIED without prejudice.

(Order at 2:4-12, ECF No. 26.) Plaintiff fails to present facts or law warrant reconsideration of the prior denial of appointment of counsel in this case as Plaintiff simply repeats the same arguments. Accordingly, Plaintiff's motion for reconsideration of the Court's October 17, 2017, order denying his request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **October 26, 2017**

UNITED STATES MAGISTRATE JUDGE