UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE L. GERMANY,<br><br>    Plaintiff,<br><br>    v.<br><br>M. COELHO, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00005-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 24] |

Plaintiff Frankie L. Germany is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment based on Plaintiff's alleged failure to exhaust the administrative remedies, filed on September 28, 2017.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Ward, Garcia-Fernandez, Hanson and Coelho for excessive force in violation of the Eighth Amendment.

On September 11, 2017, Defendants filed an answer to the complaint.

On September 13, 2017, the Court issued the discovery and scheduling order.

As previously stated, on September 28, 2017, Defendants filed the instant motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff did not file an opposition and the

1

time period to do so has passed. Accordingly, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

"An inmate is required to exhaust only available remedies." Albino, 747 F.3d at 1171 (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Albino, 747 F.3d at 1171 (quoting Brown v.

2

Valoff, 422 F.3d 926, 937 (9th Cir. 2005)). In Ross v. Blake, the Court set forth the following three examples of when the administrative remedies are not available: (1) the "administrative procedure … operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … to that no ordinary prisoner can make sense of what it demands; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S.Ct. 1850, 1859-60 (2006) (citations omitted). In addition, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and

that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A.  Description of CDCR's Administrative Remedy Process

Plaintiff is a former state prisoner who was at the time of filing the instant complaint in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

### B.  Summary of Allegations Underlying Plaintiff's Constitutional Claims

On December 5, 2016, while detained in North Kern State Prison, ("North Kern") Plaintiff claims three correctional officers and one sergeant used excessive force causing injuries to Plaintiff. Throughout the day and on a couple of instances, Plaintiff spoke with Officer Coelho and requested a cell move. Plaintiff reasons that his request for a cell move was warranted as Plaintiff sustained a broken arm by falling off the top bunk. Upon denying Plaintiff's request, Plaintiff then asked to speak with a sergeant, to which Officer Coelho replied, "hell no." As such, Officer Coelho denied both

4

requests. Later, during meal time in the dayroom, Plaintiff asked Officer Coelho if he could speak with a sergeant, and Officer Coelho began to pepper spray Plaintiff without provocation. Immediately after, Officer Coelho and his co-workers then proceeded to kick and punch Plaintiff while he was on the ground. Defendants picked Plaintiff up off the ground and proceeded to handcuff him. While being escorted out of the building, Plaintiff was body slammed to the ground and was beat again. Defendant proceeded to pick Plaintiff up off the ground and continued to escort Plaintiff to the program office where he was placed in a cell. Plaintiff named the following Defendants and claims they were also involved in this incident, Officer P. Ward, Officer Garcia-Fernandez, and Sergeant Hanson.

### C. Statement of Undisputed Facts[1]

1. At all times relevant to this lawsuit, Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR). (Amd. Compl., ECF No. 12 at 1.)

2. On December 11, 2016, Plaintiff submitted an inmate grievance (CDCR Form 602) Log No. NKSP-D-16-04573, alleging that he had been pepper sprayed and assaulted by correctional staff on December 5, 2016. (Decl. of M. Voong at ¶ 4, Ex. A.)

3. On January 17, 2017, Plaintiff's appeal was granted in part at the second level of review in that an appeal inquiry was conducted regarding his allegations, but staff was determined to have followed policy with respect to the issues raised. (Decl. of M. Voong, Ex. A.)

4. On February 16, 2017, Plaintiff submitted NKSP-D-16-4573 to the third level of review. (Decl. of M. Voong at ¶ 5, Ex. A.)

5. On March 16, 2017, NKSP-D-16-4573 was rejected at the third level of review because it was missing necessary documentation. (Decl. of M. Voong at ¶ 6, Ex. B.)

6. On April 6, 2017, Plaintiff resubmitted NKSP-D-16-4573 to the third level of review. (Decl. of M. Voong at ¶ 7, Ex. A.)

7. On June 5, 2017, NKSP-D-16-4573 was denied at the third level of review, exhausting Plaintiff's administrative remedies. (Decl. of M. Voong at ¶ 7, Ex. C.)

---

[1] Referenced hereinafter as "UDF".

8.      Plaintiff has not filed any other appeals concerning the allegations in this lawsuit that were addressed at the third level of review. (Decl. of M. Voong at ¶ 8.)

9.      Plaintiff filed his original complaint in this matter on December 29, 2016. (ECF No. 1 at 6.)

### D.     Findings on Defendants' Motion

Defendants argue that there is no dispute that Plaintiff's relevant appeal, Appeal Log No. NKSP-D-16-4573 was not exhausted through the third and final level of review at the time Plaintiff filed the instant action, and therefore the action is subject to dismissal, without prejudice.

Defendants submit the declaration of M. Voong, Appeals Coordinator, who declares that Plaintiff filed only one appeal, Appeal Log No. NKSP-D-16-4573, relevant to the claims of excessive force in this lawsuit on December 11, 2016. (UDF 2, 8.) On January 17, 2017, the second level review granted the appeal in that an inquiry into Plaintiff's allegations was conducted but denied it as to the substantive claims. (UDF 3.) However, prior to issuance of the January 17, 2017 response, Plaintiff filed the instant action on December 29, 2016. (UDF 9.) Pursuant to CDCR regulations, the second level review had thirty working days to issue a response to the appeal. Cal. Code Regs. tit. 15, § 3084.8(c)(2).[2] Plaintiff then submitted the appeal through the third and final level which was rejected on March 22, 2017, prior to final denial on June 5, 2017. (UDF 5, 7.) Both of the third level responses were issued within sixty working days of Plaintiff's appeal submission, as set forth in CDCR regulations. Cal. Code Regs. tit. 15, § 3084.8(c)(3).

It is undisputed that Plaintiff did not exhaust his appeal through the third level of review prior to filing the instant action. Even if the inmate fully exhausts the administrative remedies during the pendency of suit, dismissal, without prejudice, is still warranted. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002 (an inmate must exhaust the available administrative remedies before he filed suit, even if the inmate fully exhausts while the suit is pending); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (same). Furthermore, it is undisputed that Plaintiff received timely responses to his appeal at all levels of review. Defendants have meet their burden of proof in

---

[2] The appeal was dated by Plaintiff on December 11, 2016, and the second level response was therefore due on or before January 26, 2017, excluding weekends and state holidays.

demonstrating that Plaintiff failed to properly exhaust the administrative remedies prior to filing suit, and there is no evidence before the Court that something in this case made the existing administrative remedies effectively unavailable to Plaintiff or that Plaintiff is excused from the exhaustion requirement. Albino v. Baca, 757 F.3d at 1172; Sapp v. Kimbrell, 623 F.3d at 823; Nunez v. Duncan, 591 F.3d at 1224-1226; Brown v. Valoff, 422 F.3d at 940. Accordingly, Defendants' motion for summary judgment should be granted and the instant action should be dismissed, without prejudice.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and

2. The instant action be dismissed, without prejudice, for failure to properly exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 8, 2017**

UNITED STATES MAGISTRATE JUDGE