# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE L. GERMANY,<br><br>        Plaintiff,<br><br>    v.<br><br>M. COELHO, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00005-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF Nos. 12, 16] |

Plaintiff Frankie L. Germany is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on March 21, 2017. (ECF No. 7.) To date, Defendants have not consented or declined to United State Magistrate Judge jurisdiction.

On July 12, 2017, the Court found that Plaintiff's first amended complaint stated a cognizable claim for excessive force against Defendants M Coelho, Garcia-Fernandez, P. Ward and Hanson. (ECF No. 16.) The Court dismissed all other claims and Defendants from the action for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims and Defendants in its July 12, 2017 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims and Defendants described below be dismissed, for the reasons explained herein.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer

possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff claims his Eighth Amendment rights were violated when prison official used excessive force against him and acted with deliberate indifference to his safety. On December 5, 2016, while detained in North Kern State Prison, ("North Kern") Plaintiff claims three correctional officers and one sergeant used excessive force causing injuries to Plaintiff. Throughout the day and on a couple of instances, Plaintiff spoke with Officer Coelho and requested a cell move. Plaintiff reasons that his request for a cell move was warranted as Plaintiff sustained a broken arm by falling off the top bunk. Upon denying Plaintiff's request, Plaintiff then asked to speak with a sergeant, to which Officer Coelho replied, "hell no." As such, Officer Coelho denied both requests. Later, during meal time in the dayroom, Plaintiff asked Officer Coelho if he could speak with a sergeant, where Officer Coelho began to pepper spray Plaintiff without provocation. Immediately after, Officer Coelho and his co-workers then proceeded to kick and punch Plaintiff while he was on the ground. Defendants picked Plaintiff up off the ground and proceeded in handcuffing him. While being escorted out of the building, Plaintiff was body slammed to the ground and was beat again. Defendant proceeded to pick Plaintiff up off the ground and continued to escort Plaintiff to the program office where he was placed in a cell. Plaintiff named the following Defendants and claims they were also involved in this incident, Officer P. Ward, Officer Garcia-Fernandez, and Sergeant Hanson.

Plaintiff further claims, while detained at the program office he was treated with deliberate indifference by being denied medical care by nurse Negre. Nurse Negre was on duty at the D yard facility and did not properly treated Plaintiff's injuries, which consisted of: bleeding, bruises, scratches, and a previous injury of a broken arm. Nurse Negre looked at Plaintiff and said, "he was not hurt too bad", and proceeded to walk away.

Plaintiff is requesting a trial and monetary damages.

## III.

3

**DISCUSSION**

**A.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

In the amended complaint, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for excessive force against Defendants Coelho, Garcia-Fernandez, Ward, and Hanson. Plaintiff maintains the injuries he sustained were wholly and without provocation. Plaintiff contends that he requested a cell move which was denied, and when he requested to speak to a sergeant, Defendant Coelho began to pepper spray Plaintiff, and then Defendants Coelho, Garcia-Fernandez, Ward and Hanson punched and kicked him. Then, after Plaintiff was handcuffed, Defendants body

4

slammed him to the ground. Plaintiff's allegations are sufficient to state a cognizable claim for excessive force.

### B. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations in the first amended complaint fail to give rise to a constitutional violation under the Eighth Amendment. First, Plaintiff fails to demonstrate that he was suffering from a serious medical need. Hudson, 503 U.S. at 9. Plaintiff only alleges he has "injuries" to his body, consisting of: bleeding, bruises, scratches, and a previous injury of a broken arm. Subsequently, Plaintiff does not mention any discomfort, pain, or how these injuries would result in further significant injuries. Wilhelm, 680 F.3d at 1122. Such conclusory and vague allegations fail to meet the objective prong for an Eighth Amendment violation. Second, Plaintiff fails to state how nurse Negre's assessment demonstrates a failure to treat his injuries. By Plaintiff's own admission, Negre assessed the situation and determined the injuries Plaintiff sustained were not serious. An inmate has a right to medical care, but in this instance, there are insufficient factual details to support a reasonable inference that Negre knew of and disregarded an excessive risk to serious medical needs.

Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. For screening purposes only, this action proceed against Defendants M Coelho, Garcia-Fernandez, P. Ward and Hanson for excessive force; and

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __November 29, 2017__

UNITED STATES MAGISTRATE JUDGE